```
SCOTT N. SCHOOLS, Bar No. SC 9990
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX,
Social Security Administration
JOHN C. CUSKER, SBN 148227
Special Assistant United States Attorney

     333 Market Street, Suite 1500
     San Francisco, California 94105
     Telephone:  (415) 977-8975
     Facsimile:  (415) 744-0134
```

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD L. WILKERSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of<br>Social Security,<br><br>　　　　Defendant.<br>_____ | CASE NO. 4:06-cv-01259-CW<br><br>STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d)) AND COSTS (28 U.S.C. § 1920) |

　　　　IT IS HEREBY STIPULATED by the parties, through their undersigned counsel, subject to the approval of the Court, that counsel for Plaintiff be awarded attorney fees under the Equal Access to Justice Act in the amount of FIVE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (**$5,500.00**) and costs in the amount of TWO HUNDRED SEVENTY-TWO DOLLARS AND SEVENTY-SIX CENTS (**$272.76**).  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action for services performed before the

---

[1]　　　　Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

district court in accordance with 28 U.S.C. §§ 1920 and 2412(d).

    This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment in the aforementioned sum under EAJA shall constitute a complete release from and bar to any and all claims, rights, causes of action, liens or subrogated interests relating to attorneys fees and costs incurred in this action under EAJA.

    The settlement of Plaintiff's claim for EAJA attorney fees does not preclude Plaintiff's counsel from seeking attorney fees under 42 U.S.C. § 406(b) of the Social Security Act, subject to the offset provisions of the law.

Respectfully submitted,

Dated: April 2, 2007

/s/ *Harvey P. Sackett*
*(As authorized via fax)*
HARVEY P. SACKETT
Attorney for Plaintiff

Dated: April 2, 2007

SCOTT N. SCHO0LS
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration


/s/ *John C. Cusker*
JOHN C. CUSKER
Special Assistant United States Attorney


IT IS SO ORDERED:

Dated: 4/9/07

THE HONORABLE CLAUDIA WILKEN
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28